IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| NEAL E. HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17CV266 |
| | ) | |
| U.S. COMMODITY FUTURES | ) | |
| TRADING COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is a Motion to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, brought by Defendant U.S. Commodity Futures Trading Commission (the "Commission"), pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 7.) Plaintiff, Neal E. Hall, initiated this action on March 27, 2017, pursuant to Federal Rule of Civil Procedure Rule 60(d), seeking relief from a judgment entered against him in *U.S. Commodity Futures Trading Comm'n v. Hall*, 49 F. Supp. 3d 444 (M.D.N.C. 2014), *aff'd*, 632 F. App'x 111 (2015) (per curiam) ("Prior Action"). (ECF No. 1.) For the reasons stated below, the motion before the Court will be granted.

The Commission initiated the Prior Action against Mr. Hall, "alleging that Hall improperly acted as a commodity trading advisor ("CTA") in violation of the Commodity Exchange Act ('CEA'), 7. U.S.C. § 6m(l) (2012)," and its implementing regulations. *Hall*, 632 F. App'x at 112. In the Prior Action, the district court "adopted the recommendation of the magistrate judge, granted summary judgment to [the Commission], and imposed a permanent injunction and a monetary penalty in the mount of $210,000." *Id.* The Fourth Circuit affirmed

the judgment entered by this Court in an unpublished, per curiam opinion without hearing oral argument. *Id.* at 114.

Mr. Hall, in his Complaint, raises several grounds that, he alleges, entitle him to relief from the judgment entered against him in the Prior Action. (*See generally* ECF No. 1.) Mr. Hall alleges that: the judgment "ought not, in equity and good conscience . . . be enforced," (*id.* ¶¶ 84–91); the Prior Action was a criminal proceeding lacking safeguards guaranteed by the Fifth and Sixth Amendments, (*id.* ¶¶ 92–103); the judgment violated Mr. Hall's right to counsel (*id.* ¶¶ 104–109); the judgment "was obtained in violation of Hall's privilege against self-incrimination," (*id.* ¶¶ 110–119); the judgment "was obtained in violation of Hall's right to trial by jury," (*id.* ¶¶ 120–123); the judgment was "procedurally defective" because "[t]he Magistrate Judge determined the merits of the charges against Hall, as well as the specifics of the injunction and monetary punishments without providing Hall notice and an opportunity to be heard or to present evidence," (*id.* ¶¶ 124–128); the CEA, as applied, violates the First Amendment, (*id.* ¶¶ 129–146); the Commission violated its discovery obligations, (*id.* ¶¶ 147–154); "[t]he basis for determining that Hall was subject to the CEA, i.e., that he was 'holding out' as a CTA, is unconstitutionally vague," (*id.* ¶¶ 55–56); the fines imposed on Mr. Hall were excessive and therefore violated the Eighth Amendment, (*id.* ¶¶ 155–160); and, lastly, "that the Court enter a stay of collection of the monetary fine pending disposition of this cause on the merits," (*id.* ¶¶ 161–163).

Rule 60(d)(1) confirms "a court's power to entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). The Supreme Court has stated that: "Independent Actions must . . . be reserved for those cases of 'injustices which,

in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *United States v. Beggerly*, 524 U.S. 38, 46 (1998) (quoting *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). "[A]n independent action should," therefore, "be available only to prevent a grave miscarriage of justice." *Id.* at 47. This "grave miscarriage of justice" standard is "demanding." *Id. Compare id.* (recognizing as a grave miscarriage of justice a case "in which the plaintiff alleged that judgment had been taken against her in the underlying action as a result of a forged document" (citing *Marshall v. Holmes*, 141 U.S. 589 (1891))), *with Great Coastal Exp., Inc. v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am.*, 675 F.2d 1349, 1358 (4th Cir. 1982) (concluding that "perjury and false testimony are not grounds for relief in an independent action"). The Fourth Circuit has articulated five elements that a party must satisfy to bring an independent action under Rule 60(d)(1):

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of defendant; and (5) the absence of any adequate remedy at law.

*Id.* Failure to satisfy any one of these elements is fatal to an action brought under Rule 60(d)(1). *See id.* (affirming a denial of Rule 60(b) relief when one element was not satisfied). With these principles in mind, the Court will consider Mr. Hall's request for the Court to entertain this independent action.

The most obviously lacking element of Mr. Hall's Rule 60(d)(1) action is the fifth *Great Coastal* element, the absence of any adequate remedy at law. "The requirement that there is no other available or adequate remedy requires a showing by the aggrieved party that 'there

3

was no opportunity to have the ground now relied upon to set aside the judgment fully litigated in the original action.'" *Hudson v. United States*, No. 3:13-cv-342-FDW, 2018 WL 1413189, at *2 (W.D.N.C. March 21, 2018) (quoting *Gleason v. Jandrucko*, 869 F.2d 556, 560 (2d Cir. 1988)). Thus, "[a] party cannot relitigate 'in an independent action issues that were open to litigation in the former action where he had a fair opportunity to make his claim or defense in that action.'" *Id.* (quoting *Sinesterra v. Roy*, 347 F. App'x 9, 10 (5th Cir. 2009)). All of the contentions raised by Mr. Hall in support of his Rule 60(d)(1) challenge are matters that Mr. Hall either could have, or did, raise in the Prior Action and on appeal. In his opposition brief, Mr. Hall contends that he lacks an adequate remedy at law because "[a]t the present time, Mr. Hall has exhausted his appellate remedies, and his primary arguments as to Constitutionality, evidence, and the relinquishment of his First Amendment privilege were considered to be unreviewable, because Mr. Hall failed to raise these issues and questions as objections to the Recommendation of the Magistrate Judge." (ECF No. 11 at 31.) However, the Court is unpersuaded by this contention because the Court can discern no "grave miscarriage of justice" in Mr. Hall's failure to raise potentially meritorious objections before the district court.[1] The court, therefore, concludes that the fifth *Great Coastal* element, the absence of any adequate remedy at law, has not been satisfied. Consequently, Mr. Hall is not entitled to relief under Rule 60(d)(1).

---

[1] This Court recognizes that Mr. Hall elected to appear pro se before the Magistrate Judge and district court, however, this Court has been presented with no authority suggesting that a party necessarily lacks an "adequate legal remedy" to raise potentially meritorious issues when the party elects to proceed pro se.

This Court will nevertheless examine Mr. Hall's specific arguments. Having done so, the Court cannot discern that a grave miscarriage of justice occurred in the Prior Action on the grounds advanced by Mr. Hall. Many of the alleged grounds for bringing this Rule 60(d)(1) action are in tension with Supreme Court precedent. For example, in support of his contention that the Prior Action "is properly classified as a criminal case," Mr. Hall argues: "The Recommendation and Judgment impose the affirmative disabilities or restraints of a lifetime trading ban and permanent gag order against Mr. Hall." (ECF No. 11 at 5.) *But see Hudson v. United States*, 522 U.S. 93, 104 (1997) (concluding that a prohibition from "further participating in the banking industry" does not involve "'affirmative disability or restraint,' as that term is normally understood"). Mr. Hall also asserts: "The monetary penalty, or fine, is traditionally regarded as punishment." (ECF No. 11 at 5.) *But see Hudson*, 522 U.S. at 105 ("First, neither money penalties nor debarment has historically been viewed as punishment."). Mr. Hall further argues: "The sanctions imposed – penalty or fine, gag order, lifetime trading ban – serve no civil or remedial purpose, but instead serve only the purpose of punishment and deterrence." (ECF No. 11 at 5.) *But see Hudson*, 522 U.S. at 104 (recognizing that a prohibition on future participation in the banking industry, "while intended to deter future wrongdoing, also serve to promote the stability of the banking industry"). Mr. Hall offers no legal support for these or any other of his arguments in his opposition brief that the Prior Action should be classified as a criminal case.

Similarly, other grounds advanced in the Complaint for Mr. Hall's Rule 60(d)(1) action appear in tension with Supreme Court precedent. Mr. Hall alleges that the judgment entered in the Prior Action, a civil case, violated his right to counsel. (ECF No. 1 ¶¶ 104–109.) *But*

*see Lassiter v. Dep't of Soc. Servs. of Durham Cty.*, 452 U.S. 18, 26–27 (1981) (stating "the presumption that an indigent litigant has a right to appointed counsel only when, if he loses, he may be deprived of his physical liberty"). Mr. Hall also states that the judgment in the Prior Action "was obtained in violation of [his] right to trial by jury." (*Id.* ¶¶ 120–123.) *But see Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 336 (1979) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319–21 (1902), for the proposition that "summary judgment does not violate the Seventh Amendment"). While these and other grounds asserted in the Complaint may have possibly been colorable, or even persuasive, had they been raised in the Prior Action, these contentions cannot support the conclusion that a grave miscarriage of justice has occurred. *See Aldana v. Del Monte Fresh Produce, N.A. Inc.*, 741 F.3d 1349, 1359 (11th Cir. 2014) (concluding that "[p]laintiffs cannot come close to establishing the requisite elements of an independent action," on the basis of issues not raised in the underlying litigation). Accordingly, the Court will grant the motion to dismiss Mr. Hall's Complaint.

## ORDER

IT IS THEREFORE ORDERED that the Motion of Commodity Futures Trading Commission to Dismiss Complaint for Failure to State a Claim Upon Which Relief Can Be Granted, (ECF No. 7), is GRANTED, and this case is hereby DISMISSED WITH PREJUDICE.

This, the 31st day of March, 2018.

                                                  /s/ Loretta C. Biggs
                                                  United States District Judge